UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br>Booking #17104099,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>HOT ROD CAR SHOW, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-00777-BTM-BGS<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

　　HOANG MINH TRAN (Plaintiff), a pretrial detainee and/or convicted prisoner serving his sentence in local custody at the San Diego County Sheriff Department's George Bailey Detention Facility, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

　　Plaintiff claims the "Hot Rod Car Show" in Lakeside, California, the "owner of the bar next to the Hot Rod Car Show," and unidentified John Does 1-10, denied his First, Fifth, Eighth, and Fourteenth Amendment rights in November 2016. Plaintiff claims

1

3:17-cv-00777-BTM-BGS

Defendants wrongfully accused and imprisoned him and two of his friends in a "Toyota Avalon XLS Edition" based on allegations that they had "stolen someone's high end purse." (ECF No. 1 at 4.) After Plaintiff called 911, Sheriff's Deputies arrived, "end[ed] up siding with [Plaintiff]," and released them "without further problem," but he now seeks $3,000,000 in general and punitive damages based on the incident. (*Id.* at 4, 7.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.     Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face ... additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The

objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**II. Application to Plaintiff**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks money damages against private parties for "wrongfully" detaining him in November 2016 based on suspicion of theft. (ECF No. 1 at 4.) These claims are not only insufficient to plausibly show "imminent danger," they are also insufficient to support any plausible

3

claim for relief under § 1983 whatsoever. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Plaintiff Hoang Minh Tran, currently identified as San Diego Sheriff's Department Inmate Booking #17104099, and previously identified as CDCR Inmate #AA-5944, has had four prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Tran v. Gore, et al.,* Civil Case No. 3:10-cv-1323-BTM-WMc (S.D. Cal. Aug. 23, 2010) (Order Granting Motion to Proceed IFP and Dismissing Action For Failing to State a Claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b)) (ECF No. 4) (strike one);

///
///
///

2) *Tran v. Gore, et al.,* Civil Case No. 3:10-cv-1751-JAH-WVG (S.D. Cal. Feb. 14, 2011) (Order Dismissing First Amended Complaint for Failing to State a Claim and as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) (ECF No. 5) (strike two);

3) *Tran v. Gore, et al.,* Civil Case No. 3:10-cv-2036-JAH-WVG (S.D. Cal. Feb. 15, 2011) (Order Dismissing First Amended Complaint as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) (ECF No. 8) (strike three); and

4) *Tran v. Gore, et al.,* Civil Case No. 3:10-cv-1880-MMA-BLM (S.D. Cal. Feb. 14, 2011) (Order Dismissing First Amended Complaint for Failing to State a Claim and as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)) (ECF No. 8) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

///

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: July 3, 2017

*Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court